UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIYAH KILBERT, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:26-cv-02172 |
| | ) | |
| v. | ) | |
| | ) | |
| FABER, COE & GREGG, INC., | ) | |
| | ) | **Jury Trial Demanded** |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Kiyah Kilbert ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Faber, Coe & Gregg, Inc. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendant's sex-based discrimination, sex-based harassment, and retaliation under Title VII.

2. This lawsuit arises under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*., as amended, ("ADA") seeking redress for Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based discrimination, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in a protected activity under the ADA.

3. This lawsuit further arises under the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq*. ("FMLA") seeking redress for Defendant's retaliation for Plaintiff exercising her rights under the FMLA.

## JURISDICTION AND VENUE

4.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

5.      Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

6.      All conditions precedent to jurisdiction have been satisfied.

7.      Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights (attached hereto as Exhibit "A").

8.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

9.      This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

10.     Plaintiff, Kiyah Kilbert, is a natural person, over 18-years-of-age, who at all times relevant to the allegations of this Complaint resided in Cook County, Illinois.

11.     Defendant, Faber, Coe & Gregg, Inc., whose address is 210 S Canal St, Chicago, IL 60606-5701, is a corporation that at all times material to the allegations in this Complaint was doing business in and for Cook County, Illinois.

12.     Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f) and ADA, 42 U.S.C. §12111(4).

13.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII and ADA, and has been engaged in an

2

industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b), the ADA, 42 U.S.C. §12111(5)(A).

14. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

15. At all times material, Defendant was an "employer" as defined by 29 U.S.C. §2611(4).

## BACKGROUND FACTS

16. Plaintiff worked for Defendant as an Assistant Manager from on or about November 26, 2022, until Plaintiff's unlawful termination on or about December 9, 2025.

17. Plaintiff is female and is a member of a protected class because of her sex.

18. Since at least February 26, 2025, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has subjected Plaintiff to a hostile work environment on the basis of sex, violating Title VII.

19. As an Assistant Manager, Plaintiff's essential job duties included, but were not limited to, the following:

- Supervising workers;

- Adjusting daily schedules for shift personnel;

- Training and evaluating employees; and

- Completing administrative duties.

20. Plaintiff has mental impairments, depression and anxiety, that manifest panic, cognitive impairment, loss of interest in daily activities, and fatigue.

21. Plaintiff's disabilities substantially limit major life activities, including but not limited to, sleeping, concentrating, and thinking.

3

22.     Regardless of Plaintiff's disability, she was able to perform the essential functions of her job with or without reasonable accommodations.

23.     By virtue of the foregoing, Plaintiff is a "qualified individual" as defined under the ADA.

24.     At the time of Plaintiff's need for use of FMLA benefits, Plaintiff was employed by Defendant for at least 12 consecutive months.

25.     In the 12 months preceding Plaintiff's need for use of FMLA benefits, Plaintiff worked for Defendant at least 1,250 hours.

26.     In or around February 2025, Plaintiff was promoted to Assistant Manager.

27.     Around that same time, Joseph Cooper became Plaintiff's direct supervisor.

28.     Shortly after Plaintiff began working closely with Joseph, Joseph began repeatedly asking Plaintiff to go out with him for alcoholic drinks.

29.     Plaintiff declined, telling Joseph that she did not drink alcohol.

30.     However, in or around late February 2025, Joseph suggested a "management dinner."

31.     Plaintiff agreed to the management dinner based on Joseph's representation that it was a work-related management event.

32.     During the dinner, it became apparent to Plaintiff that the dinner was a personal date rather than a work-related meeting.

33.     For instance, rather than discussing work-related matters, Joseph gave Plaintiff unwanted compliments on her clothing and focused on getting to know Plaintiff personally.

34.     After Plaintiff informed Joseph that she had a boyfriend, the dinner ended.

35.     After that incident, Joseph treated Plaintiff negatively.

36. The following day, Joseph became angry with Plaintiff after Plaintiff reported that an employee who was Joseph's friend appeared to be high at work.

37. In or around March 2025, Plaintiff reported Joseph's unwanted advances and conduct to Nancy Ortiz in Human Resources, including the dinner that Joseph had presented to Plaintiff as a work-related event, thereby engaging in protected activity.

38. Nancy told Plaintiff that her complaint would be escalated.

39. However, Defendant failed to take any remedial or corrective action in response to Plaintiff's complaint.

40. Instead, Nancy told Plaintiff that Defendant would "keep it on record" in reference to Plaintiff's complaint.

41. Throughout 2025, Joseph continued to harass Plaintiff to pressure her to go out with him to get drinks, lunches, or otherwise meet outside of work.

42. Joseph pressured Plaintiff to go out with him at least every two weeks.

43. In or around September 2025, Plaintiff made another complaint to Human Resources regarding Joseph's conduct, thereby engaging in protected activity.

44. Brian Willie, the Director of Operations, spoke with Plaintiff regarding her complaint.

45. During that conversation, Brian blamed Plaintiff and accused her of being the problem.

46. Brian shamed Plaintiff for not wanting to be involved with Joseph.

47. Plaintiff was the only woman involved in the meeting.

48. Brian instructed Plaintiff that she should take all complaints directly to him rather than to Human Resources.

49. Brian dismissed Plaintiff's complaints.

50. Brian also acknowledged that Plaintiff's performance metrics were strong.

51. In or around September 2025, Plaintiff had called off from work only twice.

52. However, Plaintiff was written up for her first absence.

53. Further, Defendant falsely claimed that Plaintiff failed to notify anyone of her second absence.

54. Plaintiff had in fact notified both Brian and Joseph of her second absence.

55. On or about September 26, 2025, Plaintiff began using approved FMLA leave.

56. Plaintiff took FMLA leave to tend to her disabilities of anxiety and depression.

57. Defendant was aware of Plaintiff's anxiety and depression through a doctor's note Plaintiff provided, and through Plaintiff's FMLA paperwork.

58. Plaintiff remained on FMLA leave until on or about November 4, 2025.

59. In or around November 2025, Joseph invited Plaintiff to his home for a late drink.

60. Joseph stated that he did not have anybody to talk to.

61. Joseph video called Plaintiff against her will to confirm that Plaintiff was alone.

62. During that interaction, Joseph ranted about Plaintiff's appearance, including commenting that Plaintiff was beautiful.

63. On or about December 4, 2025, a bartender confronted Plaintiff in the hallway.

64. The bartender falsely accused Plaintiff of speaking to her improperly in front of others.

65. Joseph confronted Plaintiff and accused her of yelling Plaintiff.

66. Joseph suspended Plaintiff for the weekend.

67. Joseph stated that the suspension was based on "other statements," without identifying what those statements were.

68. A disciplinary meeting was scheduled for the following Monday.

69. Joseph later rescheduled the meeting to Tuesday.

70. During this process, Human Resources told Plaintiff, "You can't be playing with people or they won't respect you."

71. On or about December 9, 2025, Defendant terminated Plaintiff's employment during a Zoom meeting.

72. The Zoom meeting included Joseph, Brian, and Nancy.

73. During the meeting, Joseph stated that Plaintiff was being terminated because she allegedly yelled at an employee.

74. Joseph stated that the company wanted to cut ties with Plaintiff.

75. Brian stated that Plaintiff was being terminated due to "other issues," even though Plaintiff had never been informed of any such issues.

76. Joseph regularly yelled at Plaintiff during her employment, and a subordinate had previously yelled at Plaintiff, which Plaintiff reported.

77. Defendant disciplined neither Joseph nor the subordinate for yelling at Plaintiff.

78. Yelling by employees was common in the workplace.

79. Other, similarly-situated individuals outside of Plaintiff's protected classes were not treated in the same or similar fashion as Plaintiff.

80. Plaintiff made complaints both verbally and in writing.

81. Defendant failed to engage in an interactive process regarding reasonable accommodations for Plaintiff's disability.

82. Defendant effectively denied Plaintiff reasonable accommodation.

83. Defendant terminated Plaintiff shortly after Plaintiff complained of sexual harassment.

84. Defendant terminated Plaintiff shortly after Plaintiff returned from protected FMLA leave.

85. Defendant's actions were motivated by Plaintiff's sex, disability, use of protected medical leave, and opposition to unlawful employment practices.

86. Plaintiff met or exceeded Defendant's performance expectations throughout the entire duration of her employment.

87. Plaintiff was unlawfully terminated because of her sex and disabilities or perceived disabilities.

88. Plaintiff was retaliated against and her employment was ultimately terminated for opposing unlawful sex-based and disability-based discrimination and for requesting and using disability-related medical leave, thereby exercising her protected rights.

89. Plaintiff reported the sex-based discrimination and sexual harassment to Defendant both verbally and in writing.

90. Plaintiff was targeted for termination because of her sex and disability or perceived disability and reporting of illegal activity.

91. Plaintiff suffered adverse employment actions including, but not limited to, termination.

92. A basis for employer liability exists for the sex-based and disability-based discrimination and harassment to which Plaintiff was subjected.

93.     Plaintiff can show that she engaged in statutorily protected activity—a necessary component of her retaliation claim—because Plaintiff opposed and reported discrimination and harassment and requested and used disability-related medical leave.

**COUNT I**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

94.     Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

95.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

96.     Plaintiff met or exceeded performance expectations.

97.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

98.     Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

99.     Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex, female.

100.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

101.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of The Civil Rights Act of 1964
### (Sexual Harassment)

102. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

103. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

104. Defendant knew or should have known of the harassment.

105. The sexual harassment was severe or pervasive.

106. The sexual harassment was offensive subjectively and objectively.

107. The sexual harassment was unwelcomed.

108. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*., due to Plaintiff's sex, female.

109. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

110. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of The Civil Rights Act of 1964
### (Retaliation)

111. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

112. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

113. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted sex-based discrimination and harassment.

114. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

115. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sex-based discrimination and harassment.

116. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

117. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

118. By virtue of the foregoing, Defendant retaliated against Plaintiff in response to Plaintiff reporting the sex-based discrimination and harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

119. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

120. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**COUNT IV**
**Violation of the Americans with Disabilities Act**
**(Disability-Based Discrimination)**

121. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

11

122.    By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

123.    Plaintiff met or exceeded performance expectations.

124.    Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

125.    Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

126.    Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

127.    Plaintiff is a member of a protected class under the ADA due to Plaintiff's disability.

128.    Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

129.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT V
### Violation of the Americans with Disabilities Act
### (Disability-Based Harassment)

130.    Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

131.    By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed Plaintiff on the basis of Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*.

132.    Defendant knew or should have known of the harassment.

133.    The disability-based harassment was severe or pervasive.

134. The disability-based harassment was offensive subjectively and objectively.

135. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq.*, due to Plaintiff's disability.

136. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

137. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT VI**
**Violation of the Americans with Disabilities Act**
**(Failure to Accommodate)**

138. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

139. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*.

140. Plaintiff is a qualified individual with a disability.

141. Defendant was aware of the disability and the need for accommodations.

142. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

143. Plaintiff's reasonable accommodations that was requested was not an undue burden on Defendant.

144. Defendant did not accommodate Plaintiff's disability.

145. Plaintiff is a member of a protected class under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq.*, due to Plaintiff's disability.

146. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

147. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT VII**
**Violation of the Americans with Disabilities Act**
**(Retaliation)**

148. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

149. Plaintiff is a member of a protected class under 42 U.S.C. §12101, *et seq.*

150. During Plaintiff's employment with Defendant, Plaintiff requested and used disability-related medical leave.

151. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

152. In response to Plaintiff's exercising her rights under the ADA, Defendant subjected Plaintiff to increased, unwarranted scrutiny; unproportional discipline; and ultimately termination.

153. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting and using disability-related medical leave, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

154. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

155. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

156. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT VIII**
**Violation of the Family Medical Leave Act**
**(FMLA Retaliation)**

157. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

158. Plaintiff engaged in protected activity under the FMLA by requesting and taking approved medical leave due to anxiety and depression.

159. Defendant was aware that Plaintiff's leave was protected by the FMLA.

160. Plaintiff returned from FMLA leave on or about November 4, 2025.

161. Shortly after Plaintiff's return from FMLA leave, Defendant subjected Plaintiff to heightened scrutiny, discipline, and adverse treatment.

162. On or about December 9, 2025, Defendant terminated Plaintiff's employment.

163. Defendant terminated Plaintiff because Plaintiff requested and took FMLA-protected leave.

164. Plaintiff's use of FMLA leave was a motivating and substantial factor in Defendant's decision to terminate her employment.

165. Defendant intentionally engaged in unlawful employment practices in violation of the FMLA by retaliating against Plaintiff for exercising her statutory rights.

166. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits

and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a.    Back pay;

    b.    Payment of interest on all back pay recoverable;

    c.    Front pay;

    d.    Loss of benefits;

    e.    Compensatory and punitive damages;

    f.    Liquidated damages;

    g.    Reasonable attorneys' fees and costs;

    h.    Award pre-judgment interest if applicable; and

    i.    Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury. Dated this 26th day of February 2026.

*/s/ Yasmeen Elagha, Esq.*
Yasmeen Elagha, Esq.
Mohammed O. Badwan, Esq.
Atlas Law Center, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Phone (630) 575 - 8181
Fax (630) 575 - 8188
yelagha@atlaslawcenter.com
mbadwan@atlaslawcenter.com

16

*Attorneys for Plaintiff*

17

*Attorneys for Plaintiff*